# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Frederick J. Kapala | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 50240 | **DATE** | 8/25/2011 |
| **CASE TITLE** | Streight vs. U.S. Bank, N.A. | | |

**DOCKET ENTRY TEXT:**

The complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) (ii) and plaintiff's motions to proceed IFP [3], for TRO [4], and for discovery [5] are denied as moot. This case is closed.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Pro se plaintiff, Roger Streight, has filed a complaint against defendant, U.S. Bank N.A., alleging that defendant has wrongfully petitioned the Circuit Court for the Seventeenth Judicial Circuit, Winnebago County, Illinois for a judgment of foreclosure on his property. Plaintiff claims that defendant lacks standing to do so and that defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692a et seq. Plaintiff seeks to proceed in forma pauperis (IFP) and has requested a temporary restraining order (TRO) preventing the state court from entering a judgment of forecosure. The case comes before the court for initial review in light of plaintiff's application to proceed IFP. See 28 U.S.C. § 1915(e)(2)(B)(ii) (providing that the court shall deny an IFP motion as facially invalid at any time if the court determines that the action "fails to state a claim on which relief may be granted.")

In this case, the court is unable to grant the requested relief because, under the Younger abstention doctrine, federal courts are prevented from enjoining pending state proceedings absent extraordinary circumstances. See Younger v. Harris, 401 U.S. 37 (1971); Freeeats.com, Inc. v. Indiana, 502 F.3d 590, 595 (7th Cir. 2007). "[T]he normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions" Younger, 401 U.S. at 45. Younger abstention is warranted where (1) state proceedings are ongoing; (2) the proceedings implicate important state interests; and (3) the state proceedings present an adequate opportunity to raise constitutional challenges. Trust & Inv. Advisers, Inc. v. Hogsett, 43 F.3d 290, 295 (7th Cir. 1994). These requirements are met here. First, plaintiffs' pleadings show that defendant has initiated foreclosure proceedings against him in state court. Second, any relief that could be granted by this court would directly impact Illinois' interest in protecting the authority of its judicial system and its interests in the disposition of its real property. Were this court to make the determinations requested, it would in essence be substituting itself for the Illinois courts. See Huffman v. Pursue, Ltd., 420 U.S. 592, 609 (1975). Finally, the third prong is met as Illinois courts are an adequate forum for resolution of plaintiffs' claims because standing is a matter of state law and both state and federal courts have concurrent jurisdiction over FDCPA claims. See 15 U.S.C. § 1692k(d); see also General Auto Service Station LLC v. City of Chi., 319 F.3d 902, 904 (7th Cir. 2003) (stating that abstention generally proper in cases in which party has opportunity to raise constitutional

# STATEMENT

arguments in state court).

      Accordingly, the court will abstain from exercising jurisdiction over plaintiff's claims and his request for a TRO, which can be raised before the state court. See Gray v. Pagano, 287 F. App'x 155, 157-58 (3d Cir. 2008) (affirming district court's abstention under Younger where state-court foreclosure action was pending and "[a]ny relief that could be granted by the district court would directly impact the state's interest in protecting the authority of its judicial system"); see also Burke v. Donovan, No. 1:08-CV-263, 2009 WL 5214325, at *4 (D. Vt. Dec. 29, 2009) (entering § 1915(e)(2)(B)(ii) dismissal of a claim that it abstained from hearing pursuant to Younger). Therefore, this case is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).